## JAMES GARVIN'S EXOR. *v.* WM. GARVIN.

**Wills—Construction—Second Bequest—Codicil—Revocation.**

A second request in a will or codicil thereto may operate constructively to revoke a former one without an express statement in the will or codicil that such was the testator's intention, yet to authorize such a construction the intention of the testator to give the last legacy in lien of the first must be fairly deducible from the testamentary writing itself.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 26, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

Although it is true, as insisted for the appellant, that a second bequest in a will or codicil thereto may operate constructively to revoke a former one, without an express statement in the will or codicil that such was the testator's intention, yet to authorize such a construction, the intention of the testator to give her last legacy in lieu of the first must be fairly deducible from the testamentary writing itself. There does not seem to be any such inconsistency between the intention as expressed in the 22d clause of the will of James Garvin, to appropriate $5,000, to be bestowed by William Garvin "upon such religious or charitable objects as he may see fit," and the subsequent provision for his, as one of the residuary devisees; nor is the latter provision accompanied by any such qualifying or explanatory words as would be sufficient, in our opinion, to work a revocation of the bequest of $5,000, made as it was for peculiar reasons for objects and purposes not individually beneficial to William Garvin. And as the judgment of the court below conforms to our construction of the will, the same is affirmed.

*W. F. Barrett, W. R. Thompson,* for appellant.

*Gazlay,* for appellee.